## I. F. FORCE HANDLE COMPANY *v.* HISEY.

[No. 22,329.   Filed January 23, 1913.]

1. COURTS.—*Rules of Decision.—Stare Decisis.*—Since numerous petitions to transfer causes from the Appellate Court to the Supreme Court have been received and acted upon by the Supreme Court since its decision holding the act of 1911 (Acts 1911 p. 201) unconstitutional in so far as it purports to repeal the transfer clause of §1394, subd. 2, Burns 1908, Acts 1901 p. 565, a reconsideration of its constitutionality will be denied under the rules of *stare decisis.*   p. 172.

From Clark Circuit Court; *Harry C. Montgomery,* Judge.

Action by Edward F. Hisey against the I. F. Force Handle Company. From a judgment for plaintiff, the defendant appealed and the judgment was affirmed by the Appellate Court, and appellant applies to transfer the cause to the Supreme Court. *Transfer denied.*

*Elmer E. Stevenson, Stannard & Howard* and *Jewett & Jewett,* for appellant.

*Stotsenburg & Weathers* and *George H. Voigt,* for appellee.

MORRIS, J.—This was an action for personal injuries instituted by appellee against appellant. Judgment for appellee. Appellant appealed to the Appellate Court, which affirmed the judgment. See, *I. F. Force Handle Co.* v. *Hisey,* 52 Ind. App. 235.

Appellant then filed a petition to transfer the cause to this court, under §1394 subd. 2, Burns 1908, Acts 1901 p. 565, which authorizes the same where an opinion of the Appellate Court contravenes a ruling precedent of this court, or incorrectly determines a new question of law.

While this action was pending in the Appellate Court, the legislature, on March 3, 1911, passed an act, which on the face thereof, repealed the above transfer clause.

Afterwards, on June 21, 1911, this court, in the case of *Ex parte France* (1911), 176 Ind. 72, 95 N. E. 515, decided that the act, in so far as it purported to repeal the transfer clause, was unconstitutional and void. A dissenting opinion was filed by Morris J., in which Cox J., concurred (176 Ind. 104, 95 N. E. 526).

At the threshhold of the consideration of this petition to transfer, we are confronted with the contention of appellee that the majority opinion in *Ex parte France, supra,*

1. is erroneous, and should be overruled, with the resulting consequence that this court is without jurisdiction to consider appellant's petition.

The decision in that case was reached after long and mature deliberation, and after appearance and argument, by all persons interested, who desired to be heard; and while appellee's counsel did not participate in the hearing, full opportunity therefor was granted.

For reasons stated in his dissenting opinion in the France case, the writer then thought, and now thinks, that the majority opinion there was erroneous, but is unable to concur in the view of appellee's counsel that because thereof the same should now be overruled. On the other hand, we think this situation requires the application of the rule of *stare decisis*.

After the decision in the France case, numerous petitions to transfer causes from the Appellate Court have been received and acted on by this court, and now to change the rule, however erroneous, would work inequality and hard-

ship to such extent as to make the change more harmful than otherwise and therefore we are constrained to hold that the ends of justice would be better subserved by refusing to again consider the question of the constitutionality of the repealing act of 1911. *Pennsylvania Co.* v. *State* (1895), 142 Ind. 428, 41 N. E. 937.

On a consideration of appellant's petition to transfer we have reached the conclusion that the same should be denied. It is suggested that while the petition to transfer was pending in this court, the appellee died; it is therefore ordered that this petition to transfer be denied as of the date of filing the same, to wit, February 21, 1912.

NOTE.—Reported in 100 N. E. 450. See, also, 11 Cyc. 746. As to limitations on the doctrine of *stare decisis* see 73 Am. St. 98.